UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE MITCHELL,

                    Plaintiff,

                                                    Case No. 12-cv-12523
vs.                                                 HON. GERSHWIN A. DRAIN


WELLS FARGO BANK, N.A.,

                    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT[#2] AND CANCELLING HEARING**

**I.       Introduction**

On May 10, 2012, Plaintiff, Dwayne Mitchell, filed this suit against defendant, Wells Fargo

Bank, N.A. (Wells Fargo), challenging the foreclosure of a mortgage that encumbered property

located at 21820 Lundy Drive, Farmington Hills, Michigan 48330 (the "Property").  Plaintiff raises

four claims:  Quiet Title, Count I; Unjust Enrichment, Count II; Breach of Implied

Agreement/Specific Performance, count III; and Breach of MICH. COMP. LAWS § 600.3205c, count

IV.

Presently before the Court is Defendant's Motion to Dismiss and/or for Summary Judgment.

The issues have been fully briefed and the Court finds that oral argument will not aid in the

disposition of this matter.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendant's Motion to

Dismiss and/or for Summary Judgment will be resolved on the briefs.  For the reasons that follow,

Defendant's Motion to Dismiss and/or for Summary Judgment is granted.

## II.      Factual Background

On November 16, 2007, Plaintiff obtained a $127,006.00 loan from Polaris Home Funding Corporation.  As security for repayment of the loan, plaintiff executed a mortgage.  On November 29, 2007, the mortgage was recorded with the Oakland County Register of Deeds in Liber 39797, Page 204.  The mortgage states that it is given to Mortgage Electronic Registration Systems, Inc. (MERS) as the "nominee for Lender."  On July 23, 2009, MERS, as nominee for the Lender, assigned the mortgage to Wells Fargo.  The assignment was recorded with the Oakland County Register of Deeds in Liber 39176, Page 771, on August 3, 2009.

Plaintiff apparently defaulted on the loan by failing to make his payments when they came due.  Consequently, as provided in the mortgage, Wells Fargo initiated foreclosure proceedings by advertisement.  On January 3, 2012, the Property was sold at a Sheriff's sale.  Well's Fargo purchased the Property.  Accordingly, the redemption period expired on July 3, 2012.  *See* MICH. COMP. LAWS § 600.3240(8).

## III.     Law & Analysis

## A.      Standard of Review

### 1.  Rule 12(b)(6)

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not

-2-

contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

### 2.    Rule 56(c)

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530,

532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.*" Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.,* 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

-4-

**3.**     **Defendant's Motion to Dismiss and/or For Summary Judgment**

Defendant first argues that Plaintiff's quiet title claim must be dismissed because Plaintiff has failed in his burden to set forth a prima facie case of title.  The statute provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff . . . ."  MICH. COMP. LAWS § 600.2932.   Plaintiff has the burden of proof and must make out a prima facie case of title.  *See Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Rd. Comm'n*, 236 Mich. App. 546, 549, 600 N.W.2d 698 (Mich. Ct. App. 1999).

In the Complaint, Plaintiff maintains that the Defendant acted intentionally "to preclude the Plaintiff from entering into a loan modification or a negotiated settlement" and that Defendant "did undertake to foreclose on the subject property without allowing the Plaintiff to Modify the Loan." Compl., ¶¶13-14.   As an initial matter, Defendant is not required to modify Plaintiff's loan, rather Defendant was required to offer Plaintiff an opportunity to discuss possible loan modification as a condition precedent to foreclosure by advertisement.  As evidenced by the affidavit included as part of the Sheriff's deed, Wells Fargo did offer Plaintiff an opportunity to discuss loan modification, however Plaintiff failed to request a meeting.  The affidavit states in relevant part:

> That I have reviewed the business records of Trott & Trott, P.C. and based on my review of those records, a written notice dated September 21, 2011 was served in the manner necessary according to M.C.L. 600.3205a(3);
> That said notice includes: (a) the reason for default and the amount due and owing; (b) the contact information for the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer; and (c) a statement of the borrowers' rights, all according to M.C.L. 600.3205a(1);
> That said notice includes a list of housing counselors as required by M.C.L. 600.3205a(2); and
> That the time for a housing counselor to notify the person designated under M.C.L. 600.3205a(1)(c) of a request by the borrower(s) has expired without a request for a

meeting.

*See* Def.'s Mot., Ex. 4 at 7.  Thus, Plaintiff's allegation that Defendant prevented Plaintiff from securing a loan modification is belied by the affidavit attached to the Sheriff's deed.

In *Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009), the court held that once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished.  *See Overton,* 2009 WL 1507342, at *1. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a *clear showing of fraud, or irregularity*."  *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).  Here, Plaintiff argues that he has "clearly shown through [his] pleadings that the Plaintiff[] w[as] misled into believing that the Sheriff Sale would not occur pending the outcome of the Loan modification process." *See* Plf.'s Resp. at 2.  Contrary to Plaintiff's assertions, he never alleged any facts in his Complaint suggesting that Defendant, or an agent of Defendant, informed Plaintiff that the Sheriff's sale would not occur while the parties attempted to work out a loan modification.  Plaintiff cannot raise factual allegations in his responsive brief that are not contained in his original pleading.  In any event, the affidavit included with the Sheriff's deed belies Plaintiff's assertion.  Under Michigan law, the Sheriff's deed trumps any claim the Plaintiff may have to the property.  MICH. COMP. LAWS §§ 600.3236, 600.3240.  Plaintiff's claim for quiet title fails as a matter of law.

As to Plaintiff's claim for unjust enrichment, such a claim is non-cognizable under Michigan law because an express contract governs the subject matter at issue herein.  *See Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827 (2006) ("In this case, an express

-6-

contract, the 1987 loan agreements, governs the parties' loan. This alone would foreclose plaintiff's unjust enrichment claim."). Similar to the facts in *Fodale*, this action is governed by an express written agreement, specifically the mortgage. Plaintiff fails to address Defendant's argument that his unjust enrichment claim fails because the mortgage agreement governs the parties' relationship. *See Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271 (2003) ("[A] contract will be implied only if there is no express contract covering the same subject matter.") Thus, Plaintiff's unjust enrichment claim fails as a matter of law.

In Count III, Plaintiff alleges that he "has attempted in good faith to continue with the Loan Modification process and negotiate a settlement to no avail[,] Defendant must be ordered to continue the processing of the Loan Modification or negotiate in good faith a settlement of the subject property so that Plaintiff can keep possession of his home." Compl., ¶¶ 22, 25. To the extent Plaintiff's claim relies on the theory that he is entitled to a loan modification, Michigan law requires that certain types of agreements be reduced to a writing. *See Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 548; 619 N.W.2d 66 (2000); *see also* MICH. COMP. LAWS § 566.132(2). Michigan Compiled Laws § 566.132(2) states:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

MICH. COMP. LAWS § 566.132(2)(a). Here, Plaintiff's claim fails because he has presented no evidence that an authorized representative of Wells Fargo made promises to modify his loan and reduced such promises to a written agreement. In any event, the affidavit included in the Sheriff's deed contradicts Plaintiff's contention that he was promised a loan modification. Here, even if

-7-

Plaintiff alleged that he was promised a loan modification, this Court could not enforce an oral promise in contravention of MICH. COMP. LAWS § 566.132(2).

To the extent Count III raises a claim for fraudulent misrepresentation, this claim likewise fails as a matter of law. In order to establish a claim for fraudulent misrepresentation, Plaintiff must demonstrate: (1) that the Defendant made a material representation, (2) that was false, (3) that Defendant knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Defendant made it with the intention that Plaintiff would act upon it, and (5) the Plaintiff acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976). Here, Plaintiff fails to allege the specific false representations made by Wells Fargo. Nor does his pleading contain any factual allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent statement. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

Lastly, Plaintiff asserts that Defendant violated MICH. COMP. LAWS § 600.3205c because Defendant "failed to modify Plaintiff's mortgage." Compl. ¶ 28. Sections 600.3204 and 600.3205 have been amended since the events that form the basis of this Complaint occurred. The amendments do not affect the resolution of this matter, and the Court will address the version of the statute in effect at the time of the Sheriff's sale. Pursuant to MICH. COMP. LAWS § 600.3204(4), a party may not initiate foreclosure by advertisement if one of the following circumstances exist:

(a) Notice has not been mailed to the mortgagor as required by section 3205a.
(b) After a notice is mailed to the mortgagor under section 3205a, the time for the mortgagor to request, either directly or through a housing counselor, a meeting with the person designated under section 3205a(1)(c) under section 3205b has not expired.
(c) Within 30 days after a notice is mailed to the mortgagor under section 3205a, the mortgagor has requested a meeting under section 3205b with the person

-8-

designated under section 3205a(1)(c) and 90 days have not passed after the
notice was mailed.  This subdivision does not apply if the mortgagor has
failed to provide documents as required under section 3205b(2).

(d)    Documents have been requested under 3205b(2), and the person designated
under section 3205a(1)(c) has not met or negotiated with the mortgagor under
this chapter.

(e)    The mortgagor has requested a meeting under section 3205b with the person
designated under section 3205a(1)(c) has not met or negotiated with the
mortgagor under this chapter.

(f)    The mortgagor and mortgagee have agreed to modify the mortgage loan and
the mortgagor is not in default under the modified agreement.

(g)    Calculations under section 3205c(1) show that the mortgagor is eligible for
a loan modification and foreclosure under chapter is not allowed under
section 3205c(7).

MICH. COMP. LAWS § 600.3204(4).  "A borrower who wishes to participate in negotiations to
attempt to work out a modification of a mortgage loan shall contact a housing counselor from the
list provided under section 3205a within 14 days after the list is mailed to the borrower."  MICH.
COMP. LAWS § 600.320b(1).  If a housing counselor is contacted by the borrower, the counselor
"shall schedule a meeting with the borrower to attempt to work out a modification of the mortgage
loan."  MICH. COMP. LAWS § 600.320b(3).

Section 3205c(1) states: "If a borrower has, either directly or through a housing counselor,
contacted a person designated under section 3205a(1)(c) under section 3205b but the process has
not resulted in an agreement to modify the mortgage loan, the person designated under section
3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan
modification."  MICH. COMP. LAWS § 600.3205c(1).

Here, Plaintiff alleges that he "attempted to get a loan modification and/or negotiate in good
faith a settlement for the subject property."  Compl., ¶ 7.  However, as previously noted, the
Sheriff's deed contains an affidavit stating that the required notice was sent to Plaintiff and that
Plaintiff failed to request a meeting in accordance with MICH. COMP. LAWS § 600.3205b.  Plaintiff

-9-

has offered no evidence to contradict this affidavit.  Rather, Plaintiff merely states in his response

that he requested a modification, but no modification was provided.  He also argues that "upon

information and belief there were representations and promises that the Sheriff Sale would be

adjourned to accommodate the parties during the Loan Modification process." This bare assertion,

without more, cannot create a genuine issue of material fact. *See Alexander v. CareSource*, 576 F.3d

551, 558 (6th Cir. 2009) ("[T]he party opposing summary judgment must show that she can make

good on the promise of the pleadings by laying out enough that will be admissible at trial to

demonstrate  that a genuine issue on a material fact exists, and that a trial is necessary.")

Furthermore, the Court notes that Plaintiff has failed to provide this court with an affidavit

claiming that discovery is needed to enable Plaintiff to properly respond to Defendant's arguments

and evidence.  "[T]he non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) [now [d]]

that details the discovery needed, or file a motion for additional discovery." *Abercrombie & Fitch*

*Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F. 3d 619, 627 (6th Cir. 2002); *see also* Fed. R.

Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition, the court may . . . defer considering the motion or

deny it . . . .").

In any event, even if Defendant violated MICH. COMP. LAWS § 600.3205c, the remedy

Plaintiff seeks, setting aside the foreclosure sale, is unavailable.  If the mortgage holder violates

MICH. COMP. LAWS § 600.3205c, a mortgagor may file an action to convert a foreclosure by

advertisement into a judicial foreclosure. *See Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist.

LEXIS 18357, *29 (E.D. Mich. Feb. 24, 2011).  In *Stein*, the court noted that even if the plaintiff

could establish that the defendant violated Michigan's foreclosure by advertisement statute, the

plaintiff had to seek relief prior to consummation of the foreclosure process. *Id.*  "The provision

-10-

allows certain borrowers to determine the *type* of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure."  *Id*. (emphasis in original)

**IV.**     **Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss and/or for Summary Judgment [#2] is GRANTED.

SO ORDERED.

Dated: January 18, 2013                                    /s/Gershwin A Drain                        
                                                          GERSHWIN A. DRAIN
                                                          UNITED STATES DISTRICT JUDGE